IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACINDA SEAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | 13-cv-425 |
| HORIZON SHIPBUILDING, INC., | ) | |
| and DOUGLAS SHAUN GOODRUM, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII") which provides for relief against discrimination in employment on the basis of sex and retaliation related thereto. The plaintiff also sets forth claims under laws of the State of Alabama.  The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2. The unlawful employment practices alleged herein below were committed by the defendants within Mobile County, Alabama. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

3.  The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III. PARTIES

4.  The plaintiff, Jacinda Seaman (hereinafter "Seaman" or "Plaintiff"), is a female citizen of the United States, and a resident of the State of Alabama. Plaintiff was a former employee of the defendant, Horizon Shipbuilding, Inc., at the defendant's Mobile, Alabama, location.

5.  The defendant, Horizon Shipbuilding, Inc., (hereinafter "Horizon" or "defendant") is a Louisiana corporation licensed to do business in and operating in Mobile County, Alabama. During the time period pertinent to this lawsuit, the Defendant was the plaintiff's employer within the meaning of Title VII.

6.  At all times relevant to this action, Horizon has employed at least fifteen (15) or more employees.

7.  The defendant, Douglas "Shaun" Goodrum, (hereinafter "Goodrum" or "Defendant"), at all times material to this action was employed by Horizon at its Mobile, Alabama, location. Goodrum was a direct supervisor of the Plaintiff. Goodrum is a male citizen of the United States, and upon information and belief is a resident of the State of Alabama.

## IV. ADMINISTRATIVE EXHAUSTION

8.  The Plaintiff has satisfied all administrative prerequisites for filing suit under Title VII against Defendant Horizon. The Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on April 19, 2012, and thereafter timely filed a subsequent Charge on June 8, 2012. On April 29, 2013, after investigation of the Plaintiff's claims, the EEOC issued a Letter of Determination in which the Investigator found:

> The evidence of record establishes that the Charging Party was subjected to a sexually hostile work environment. After the Charging Party complained internally of the sexual harassment it continued. Additionally, records of Charging Party's attendance was poor throughout her employment, she was only written up for attendance issues shortly after her sexual harassment complaints. The Charging Party was written up five times between May 4 and May 28, 2012, after she filed her first EEOC Charge. As a result of the Respondent's retaliatory actions, the Charging Party was constructively discharged. I have determined that the evidence obtained during the investigation establishes a reasonable cause to believe that Title VII of the Civil Rights Act of 1964, as amended, has been violated.

On May 21, 2013, a Notice of Right to Sue was issued by the E.E.O.C. and Plaintiff is timely filing this suit within ninety (90) days of her receipt of the Notice of Right to Sue.

**V.    STATEMENT OF FACTS AND CLAIMS**

9.    Plaintiff became employed with the Defendant at its Mobile, Alabama, location in or about November 7, 2011, in the Defendant's Electrical Department.

10.    Plaintiff remained employed by the Defendants in this capacity up and until her constructive discharge in May 2012.

11.    Initially, the Plaintiff's direct supervisor was Derreck Tomlinson, Electrical Foreman.

12.    During the Plaintiff's employment, she was subjected to a sexually hostile work environment in the form of unwelcomed acts of sexual harassment directed at her by Shaun Goodrum.

13.    Goodrum began working for Horizon in or about October 2011 as an Electrician. His unwelcome sexual harassment of the Plaintiff began shortly after her hire in or about December 2011.

14.    In December 2011 Goodrum approached Plaintiff while she was working in a small compartment on a boat and asked her to assist him on the boat he was working on. Plaintiff agreed

that she would help him after a break. He then told her to look what she had done to him and looked at his pants zipper, grabbed her hand and tried to force her to touch his genitalia. She pulled her hand back and Goodrum then reached out and grabbed one of her breasts.

15. Plaintiff jumped back from Goodrum and made it very clear to him that he needed to stop what he was doing. He then told her that he wanted to "fuck the shit out of you," and asked if he could "feel the other one." Plaintiff again made it very clear that he needed to leave her alone.

16. After this incident, Plaintiff began to cry and other crew members asked her what was wrong. She informed them of what has happened to her.

17. She also reported the incident to Derreck Tomlinson, her supervisor, and Roger Oliver, a lead supervisor. The Plaintiff and Tomlinson then, in turn, reported the matter to Travis Short, the owner of Horizon, and to Bridget Andrews, Human Resources.

18. Plaintiff was informed that there would be no future contact between she and Goodrum and that a referral would be placed in Goodrum's file.

19. However, the sexual harassment of Plaintiff by Goodrum continued.

20. In or about March/April 2012–within just months of the Plaintiff's complaint about the initial sexual assault–Horizon made Goodrum the Plaintiff's direct supervisor in the Electrical Department.

21. Shortly thereafter, Goodrum's sexual harassment of the Plaintiff continued and escalated.

22. Within a week of becoming the Plaintiff's supervisor, Goodrum began routinely directing sexually explicit and inappropriate comments and requests to her, including but not limited to asking her out, asking her to come over to his home after work, asking her for various sexual

favors, asking to touch her breasts, and asking her to "rub my dick." Goodrum made such comments to Plaintiff on average of at least three (3) times a week.

23. Plaintiff made it clear to Goodrum that she was not interested in him and to leave her alone. He did not. Goodrum repeatedly directed sexually inappropriate and suggestive comments and actions towards the plaintiff and in her presence.

24. Goodrum also told Plaintiff at least twice per week that if she reported him again that he would write her up.

25. Around this time the employees, including Plaintiff, were also being told in safety meetings that they would be written up for going to the office with complaints and not following their immediate chain of command.

26. As the Plaintiff's supervisor, Goodrum placed her into a "tool girl" position wherein she was pulled off of work in the yard and she was to remain in the Electrical Department Office. He also made new rules to keep the doors to this area locked and that only Goodrum, Plaintiff and the boat supervisor were allowed in the area.

27. Shortly after this new job assignment, Plaintiff began to be physically cornered and assaulted by Goodrum in the Electrical Department Office. These incidents occurred nearly every other day and he physically assaulted her on at least four (4) separate occasions.

28. On one occasion Goodrum came up behind the Plaintiff in the office while she was squatting to place items in a cubby unit and put his hand between her legs.

29. On another occasion, Goodrum pulled Plaintiff outside the office to weld and once she was in the small compartment for the welding he physically cornered her in the confined space and rubbed his body up against hers.

30. On another occasion on or about April 20, 2012, the Plaintiff was cleaning out a bin in the office which contained pipe and was holding a length of pipe in her hand. Goodrum approached her and told her "why don't you stick it in your pussy and play with it." Plaintiff has this statement on audio recording.

31. On April 19, 2012, Plaintiff filed a Charge of Discrimination with the E.E.O.C. alleging acts of sexual harassment and retaliation. Horizon received this Charge on or about April 23, 2012.

32. Thereafter on or about April 24, 2012, Plaintiff met with Travis Short and Bridget Andrews who informed her that they had received the E.E.O.C. Charge and told he that she was being moved out from under the supervision of Goodrum and placed into the Welding Department.

33. Plaintiff was moved to work in the Welding panel shop, however Goodrum continued to harass and intimidate her. Goodrum would routinely come to the area in which she was working and glare at her in a very angry manner.

34. Goodrum's behavior disturbed Plaintiff and she complained of this at least four (4) times, however Goodrum's threatening behavior continued.

35. Plaintiff became so disturbed by Goodwin's behavior and mannerisms directed towards her that she feared for her safety and would become physically ill on her way into work, causing her to be late. Plaintiff informed management of how Goodrum's retaliatory behavior was affecting her physically.

36. On or about May 11, 2012, the Plaintiff played the April 2012 audio recording of Goodrum's sexually inappropriate comments for Travis Short, Bridget Andrews and Roger Oliver.

37. A couple days later, Plaintiff called Bridget Andrews to inquire about the status of the matter and was informed that Goodrum still denied the accusations, despite the audio proof.

38. A few days after this call, Plaintiff went to the office and asked Bridget Andrews what was going to be done about the matter. She was informed that Travis Short was leaving it up to Goodrum to do the right thing but that Goodrum continued to deny his actions.

39. Plaintiff was then told that Goodrum had resigned his employment.

40. However, Plaintiff continued to see Goodrum working on the yard after his alleged resignation.

41. Also, shortly after the Plaintiff filed her April 2013 E.E.O.C. Charge she began to be subjected to written disciplinary actions–getting written up at least five (5) times in the month of May 2012.

42. On or about May 23, 2012, Plaintiff resigned her employment and informed Bridget Andrews that she could no longer work in the environment and that they were trying to fire her or make her quit after her complaints.

43. As a result of the repeated acts of sexual harassment and retaliation to which the Plaintiff was subjected, she was constructively discharged on or about May 23, 2012.

44. The Plaintiff did not return to work, nor did the Defendant provide for her to do so, as she could no longer physically and/or emotionally endure the discrimination, hostile work environment and repeated acts of retaliation.  The Plaintiff resigned under circumstances that would have caused a reasonable person to feel compelled to resign.

45. Goodrum remained working at the Horizon site after Plaintiff's discharge.

46. The Plaintiff was not aware of a policy on sexual harassment during her employment with Horizon and she did not receive any training on sexual harassment from Horizon.

47. The Defendant failed to promulgate or distribute an effective policy or procedure for lodging sexual harassment, sex discrimination or retaliation complaints.

48. The unlawful conduct of the Defendants as described above was done with malice and/or reckless disregard of the Plaintiff's Federally protected rights.

49. The Defendants' conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT I - TITLE VII VIOLATIONS BY HORIZON: SEXUAL HARASSMENT AND RETALIATION

50. The Plaintiff re-alleges and incorporates by reference paragraphs 1-49 above with the same force and effect as if fully set out in specific detail hereinbelow.

51. The Defendant, Horizon, wilfully and maliciously subjected the Plaintiff to unlawful sexual harassment, thereby discriminating against her on the basis of sex with respect to the terms, conditions, and privileges of her employment, and culminating in her constructive discharge.

52. The sexual harassment of the Plaintiff by her co-worker and/or supervisor was unwelcome and was severe and/or pervasive enough to adversely affect the terms and conditions of her employment.

53. The Defendant knew or should have known of the sexual harassment of the Plaintiff and/or the sexually hostile environment to which she was subjected and did not take effective preventative action or prompt effective remedial action.

54. The Plaintiff made good faith and reasonable complaints of sexual harassment and retaliation to the Defendant–both internally and via filing a Charge of Discrimination with the E.E.O.C.

55. The Defendant retaliated against the plaintiff for protesting and complaining about sexual harassment and retaliation in the terms, conditions and benefits of her employment, including subjecting her to unwarranted discipline and culminating in her constructive discharge.

56. Said sexual harassment and retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

57. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

58. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II - NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND RETENTION BY HORIZON

59. The Plaintiff re-alleges and incorporates by reference paragraphs 1-58 above with the same force and effect as if fully set out in specific detail hereinbelow.

60. This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton hiring, supervision, training, and retention of Shaun Goodrum by the Defendant, Horizon.

61. The Defendant negligently and/or wantonly failed to adequately hire, supervise and train and negligently and/or wantonly retained Shaun Goodrum, which proximately caused the

assault and battery of the Plaintiff, the invasion of the Plaintiff's privacy, the outrageous conduct of Goodrum towards the Plaintiff, the sexual harassment of the Plaintiff, and the acts of sex discrimination and retaliation against the Plaintiff as set out herein.

62. These unlawful acts to which the Plaintiff was subjected caused her great emotional distress for which she seeks compensatory and punitive damages against the Defendant.

### COUNT III - ASSAULT AND BATTERY
### BY DEFENDANTS SHAUN GOODRUM AND HORIZON

63. The Plaintiff re-alleges and incorporates by reference paragraphs 1-62 above with the same force and effect as if fully set out in specific detail hereinbelow.

64. This is a claim arising under the laws of the State of Alabama to redress Defendant Goodrum's assault and battery against the Plaintiff and the ratification of that conduct by Defendant Horizon.

65. Goodrum intentionally subjected the Plaintiff to harmful, rude, and unwanted touching, as set out in detail above.

66. Such conduct proximately caused the Plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from the Defendant.

67. The Defendant, Horizon, condoned, authorized, and/or ratified Goodrum's unlawful conduct and is directly liable for the acts of its agent, Goodrum.

### COUNT IV - INVASION OF PRIVACY
### BY DEFENDANTS SHAUN GOODRUM AND HORIZON

68. The Plaintiff re-alleges and incorporates by reference paragraphs 1-67 above with the same force and effect as if fully set out in specific detail hereinbelow.

69. This is a claim arising under the laws of the State of Alabama to redress violations by Defendant Goodrum of the Plaintiff's right to privacy and the ratification of that conduct by Defendant Horizon.

70. The conduct of Goodrum, as set out above, was an intentional invasion of Plaintiff's privacy and proximately caused Plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from the Defendant.

71. The Defendant Horizon condoned, authorized, and/or ratified Goodrum's unlawful conduct and is directly liable for the acts of its agent, Goodrum.

## COUNT V - OUTRAGE
## BY DEFENDANTS SHAUN GOODRUM AND HORIZON

72. The plaintiff re-alleges and incorporates by reference paragraphs 1-71 above with the same force and effect as if fully set out in specific detail hereinbelow.

73. This is a claim arising under the laws of the State of Alabama to redress Goodrum's outrageous conduct directed at the Plaintiff and the ratification of that conduct by Defendant Horizon.

74. The intentional conduct of Goodrum, as set out above, was extreme, outrageous, and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from the Defendant.

75. The Defendants Horizon condoned, authorized, and/or ratified Goodrum's unlawful conduct and is directly liable for the acts of its agent, Goodrum.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant Horizon are violative of the rights of the Plaintiff as secured by Title VII and the laws of the State of Alabama.

2. Grant Plaintiff a permanent injunction enjoining the Defendant Horizon its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII and the laws of the State of Alabama.

3. Enter an Order requiring the Defendants to make the Plaintiff whole by awarding her the position(s) she would occupy in the absence of sex harassment, sex discrimination, and retaliation and/or frontpay, backpay (plus interest), compensatory, punitive, and/or nominal damages.

4. Enter an Order requiring the Defendants to make the Plaintiff whole by awarding her the compensatory, punitive and/or nominal damages to which she is entitled as a result of the Defendants' violations of Alabama State law.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

                                                      Respectfully submitted,

                                                      s/ Temple D. Trueblood
                                                    Temple D. Trueblood (TRUE0355)
                                                    Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

CO-COUNSEL:
Henry Brewster (BREWH7737)
205 North Conception Street
Mobile, Alabama 36603
Telephone: (251) 338-0630

CO-COUNSEL:
Edward L. D. Smith
Post Office Box 1643
Mobile, Alabama  36633-1643
Telephone: 251-431-9000

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                                              s/ Temple D. Trueblood
                                                               OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following : Summons, Complaint.**

**Defendants' Addresses:**
Horizon Shipbuilding, Inc.
c/o Registered Agent/Owner
Travis R. Short
13980 Shellboat Road
Bayou LaBatre, LA 36509

Douglas Shaun Goodrum
12511 Grand Bay Farms Drive North
Grand Bay, AL 36541-6848

                                                               s/ Temple D. Trueblood
                                                               OF COUNSEL